## EDWARDS *v.* THE STATE.

PER CURIAM. The witness who was permitted to testify over objections duly made, was only five years of age; and while the court had a preliminary examination made to determine the competency of the child to testify, it does not appear from the answers to the questions propounded that the child was sufficiently matured or intelligent to understand the nature of an oath and the consequences of perjury. The examination and the answers to the questions are substantially as follows: "My name is Mattie Virginia Edwards. I know what it is to tell the truth. . . I am five years old. . . If I don't tell the truth 'bad man gets you.' I held up my right hand out here when

others did. Meant truth. Meant right. It meant I said I was going to tell the truth 'tell what they ask me.' I am not going to tell a story. I am going to tell the truth. . . I live in the Gee Patch. I know who owns the Gee Patch. I don't know what an oath means. It means No sir. . . I don't know what month this is. I have been to school. . . I don't know when I went to school. I haven't been to school this year. Last year. . . I can say my abc's 'a, b, c, d, e, f, g, k, l, n . . ' I can count [counts from one to twelve, stops] can't count any further. I don't know the days of the week. All I know if I don't tell the truth the bad man will get you." Under the proof this child was not shown to possess sufficient intelligence to understand the nature of an oath, or the penalty for its violation, and we are of the opinion that the court erred in permitting the witness to testify. On another trial as she advances in years and moral training she may possibly better understand the obligation of an oath and the penalty for its violation, and may become a competent witness. *Johnson* v. *State*, 76 *Ga.* 76; *Miller* v. *State*, 109 *Ga.* 512 (35 S. E. 152). *Judgment reversed.* *All the Justices concur.*

No. 5302. APRIL 17, 1926.

Murder. Before Judge Park. Putnam superior court. January 18, 1926.

*W. T. Davidson,* for plaintiff in error.

*George M. Napier, attorney-general, Joseph B. Duke, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

HILL and GILBERT, JJ., dissenting. Measured by the common knowledge of mankind, there is much that may be said for the ruling by the majority. However, when considered in connection with the facts, the ruling in substance means, as we construe it, that a child five years of age is not a competent witness. Our dissent from the ruling is based on our unwillingness to have this court set an arbitrary rule to the effect that a child under five is an incompetent witness in any case, thus taking away that discretion which heretofore has been reposed in the trial court. We concede that it is quite unlikely that a child of the tender age of five years will possess the qualification of a competent witness, but the trial judge saw the witness, heard her testimony, and observed her demeanor, and should be able to know, much better than this court can know, the facts as to her competency. The general rule heretofore stated by this court is as follows: "It is left to the sound discretion of the trial court to determine whether or not a child of tender years is a competent witness; and where the court examines a child as to its knowledge of the nature and sanctity of an oath and decides that it is competent to testify, this

court will not interfere, where it does not appear that such discretion has been flagrantly abused." *Beebee* v. *State,* 124 *Ga.* 775 (53 S. E. 99); *Reece* v. *State,* 155 *Ga.* 350 (116 S. E. 631), et cit.