## 40872. ALLISON v. THE STATE.

HALL, Judge. The defendant was convicted of shooting at another, and assigns error on the overruling of his motion for new trial. *Held:*

1. The trial court's instruction concerning the effect the jury may give to the defendant's unsworn statement, which was substantially in the language of the statute giving the defendant the right to make an unsworn statement, was not error. *Code Ann.* § 38-415; *Richmond v. State,* 210 Ga. 403, 406 (80 SE2d 178).

2. The trial court, having instructed the jury that if they found the defendant guilty of the felony charged they had the right to recommend misdemeanor punishment, and thereupon the trial court in its discretion might punish the defendant as for a misdemeanor, was not required to charge the provisions of

the statute prescribing the punishment for misdemeanors. (*Code Ann.* § 27-2506). *Cade v. State,* 41 Ga. App. 378 (153 SE 76).

3. The verdict first returned by the jury was not finally accepted by the court, and the court repeated its instructions to the jury with respect to the verdicts which they could return under the indictment.

"The court may require an incomplete verdict, to be made complete, before receiving it." *Kersey v. State,* 207 Ga. 326 (1) (61 SE2d 493). The trial court did not err in directing the jury to retire and reconsider their verdict.

4. The evidence, though in conflict, was sufficient to support the verdict.

The trial court did not err in overruling the general and special grounds of the motion for new trial.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED SEPTEMBER 16, 1964.

*James E. Weldon,* for plaintiff in error.
*Wright Lipford, Solicitor General, E. W. Fleming,* contra.