## 51024. JEFFERSON v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted, tried, and convicted on four counts of burglary and one count of theft by receiving stolen property. He appeals the judgment of conviction.

The evidence shows that appellant was stopped by a policeman on January 6, 1974, for running a stop sign. Appellant did not have a driver's license. He told the officer his license was at his brother's house, and the officer followed him to the address given to see the license. When they arrived at the location, appellant got out of his vehicle, ran around the corner of a building, jumped a fence, and got away. The car door of appellant's car was left open and the keys were left in the ignition.

The officer testified that the car was blocking a street which he believed to be city property; therefore, he impounded the car. There was conflicting testimony as to whether the street was public or part of an apartment complex.

After the car was impounded, it was inventoried, and a tape player was removed for safekeeping. A check of the serial number on the tape player revealed it to be stolen.

On March 24, 1974, appellant was arrested for the above traffic violation. The next morning, March 25, he was interviewed by an officer and admitted knowingly receiving the stolen tape player. Appellant was also questioned respecting an alleged robbery and attempted rape unconnected with the present offenses. After this interview, the officers proceeded to appellant's house to determine appellant's whereabouts on the night of the alleged robbery and attempted rape.

Appellant's wife gave the officers permission to search for clothes similar to those worn during the offenses under investigation. While looking for these clothes, the officers noted several tape players, speakers, etc., in one room. One officer remarked that this equipment might be stolen and picked up a turntable to copy the serial number. Appellant's wife offered no verbal objection until *after* the serial number was checked, and one officer testified she verbally consented to an inspection of the turntable.

The officers determined that the turntable had been reported stolen in a burglary. One of the officers told appellant that they had discovered the stolen turntable and that they would get a search warrant and go back out to appellant's house and pick up all the other items and check to see if they were stolen. The officer said, "This will possibly involve your wife . . . the baby — the baby's out there." Appellant then said, "Well, don't get my wife involved in it; I'll cooperate with you — with ya'll." Appellant then signed a consent to search form and accompanied the officers to his home. A search revealed numerous items. Appellant identified each item and the house from which it was taken.

The next day, March 26, the appellant signed a written statement admitting participation in the crimes

charged. Before signing the statement, appellant was given his Miranda rights and signed a form waiving said rights.

On May 13, 1974, the appellant was taken from the county jail to the city barracks, where he was confronted by two persons allegedly involved in the crimes charged. Each of the three accused each other of being involved in the burglaries.

1. Appellant alleges error in the court's admitting the tape player, recovered from appellant's car, into evidence. He argues that the tape player was the result of an unlawful search and seizure and a violation of appellant's constitutional rights. The facts show that the appellant made a free choice to leave his car on the street. "By this voluntary election, he lost his constitutional protection against the search and seizure of his car." *Whitlock v. State,* 124 Ga. App. 599, 602 (185 SE2d 90).

2. Appellant urges that the permission to search was illegally obtained, and all items seized thereunder were the result of an illegal search and seizure. He contends that the consent was induced by the officers through a threat to involve appellant's wife and child. Where the consent to search is not freely given then the search will not be upheld. Bumper v. North Carolina, 391 U. S. 543 (88 SC 1788, 20 LE2d 797).

An examination of the conversation between the officers and appellant shows that the officers told appellant they *were* going to get a search warrant and pick up the other items at his house. Appellant was told that this might involve his wife and that his baby was at home. No request was made for a consent to search; no promise was given that the wife would not be involved if appellant cooperated. The facts show probable cause upon which the officers could have obtained a search warrant; the wife would probably be involved if she was in possession of stolen property; and the baby was at home. No threats or inducements were made at the time the officers informed appellant of these facts. Being fully apprised of what was going to occur, appellant made a voluntary offer to cooperate. He then signed a consent to search form which stated clearly that he had the right to refuse the search and seizure.

"Voluntariness is a question of fact to be determined from all the circumstances. . ." Schneckloth v. Bustamonte, 412 U. S. 218, 248 (93 SC 2041, 36 LE2d 854). Considering all of the circumstances surrounding appellant's consent to search, the trial judge was authorized to find that appellant voluntarily gave his permission to the officers to search the house and that this consent was not the product of coercion or deceit. Accordingly, the items seized under this consent to search were properly admitted into evidence.

3. It is contended that appellant's confessions were not voluntarily given, but were induced by a hope of leniency. For the reasons stated in Division 2, the trial judge was authorized to find that the confessions of appellant were made voluntarily and were not tainted by an illegal search and seizure. Accordingly, there was no error in the trial court's admitting into evidence the written confessions of appellant.

4. Error is urged in the court's admitting into evidence the statements of two accomplices. Appellant argues that he was denied the right to confront the witnesses against him. The statements objected to were made in the presence of appellant. A witness may testify to what he saw or heard in the defendant's presence; under these circumstances, the defendant's right of confrontation is not jeopardized. See *Hewitt v. State,* 127 Ga. App. 180 (2) (193 SE2d 47).

Appellant further urges that where there is an objection to a confession of an accomplice, there should be a separate hearing on the voluntariness of the confession as set forth in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908). In the present case, no objection was made concerning the voluntariness of the statements introduced. There being no issue as to whether the confessions were voluntary, there was no necessity for a hearing on the voluntariness of the confessions.

5. Unless time is an essential element of the offense charged, the time of the commission of the offense alleged in the indictment is immaterial. To sustain a conviction, there must be proof to establish that the offense occurred prior to the return of the indictment and within the statute of limitation. *Brown v. State,* 82 Ga. App. 673,

675 (62 SE2d 732). The state presented evidence establishing that the offenses occurred prior to the return of the indictments and within the statute of limitation.

The verdict was neither contrary to the evidence nor strongly against the weight of the evidence.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 3, 1975 — DECIDED OCTOBER 7, 1975.

*Saul, Blount & Avrett, Percy J. Blount,* for appellant.
*Richard E. Allen, District Attorney, Richard L. Powell, Assistant District Attorney,* for appellee.