## 58772. HAYES v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of child molestation of his daughter. Finding no error, we affirm.

1. Appellant complains on appeal that the court's refusal to grant defendant's motion to interview the minor child (the alleged victim) immediately prior to defendant's trial, violated defendant's right of due process in that as a consequence of such denial, he was unable to conduct a thorough cross examination of the witness at trial. We find no merit in this contention of error.

Defense counsel admitted that at a prior time he had interviewed the victim at his office and that he was apprised of the fact that the alleged victim would be a witness at trial. Moreover, defendant was afforded full opportunity to cross examine the witness when she took the stand at trial.

Since defendant has failed to show any "prejudicial harm" flowing from the court's denial of his motion to interview the witness immediately prior to trial, this enumeration of error is not meritorious. See, generally, *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741).

2. Appellant contends that the trial court erred in ruling the nine-year-old victim competent to testify. We find no error.

The question of the competency of a witness is properly for the trial court to determine, which determination will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Bruno v. State,* 149 Ga. App. 1 (2) (253 SE2d 421); *Parrott v. State,* 149 Ga. App. 377 (2) (254 SE2d 497).

"The witness testified she understood what it meant to tell the truth, the necessity for telling the truth, that telling the truth is right, and that it is wrong to tell a lie. The examination was sufficient to determine that she understood the nature of her oath as required by Code Ann. § 38-1607. [Cit.]" *Decker v. State,* 139 Ga. App. 707 (1) (229 SE2d 520).

The fact that the witness' testimony may have been inconsistent does not render her incompetent to testify, but goes to her credibility as a witness. *Frasier v. State,* 143

Ga. 322 (5a) (85 SE 124).

3. Appellant asserts as error the admission of a confession into evidence, contending that it was the product of a promise of leniency and, as such, was inadmissible. We cannot agree.

A Jackson v. Denno (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing was held to determine the voluntariness and admissibility of defendant's confession. "The evidence heard . . . was sufficient to authorize the trial court to determine that the defendant was advised of his rights, that he was not placed under any duress, that he seemed to understand his rights, that he was not under influence of drugs or alcohol and that he seemed completely aware of what was going on around him." *Walker v. State,* 146 Ga. App. 555, 556 (246 SE2d 737).

Thus, "[t]he trial judge's determination of voluntariness and admissibility, although based upon conflicting evidence [in regard to whether or not a promise of leniency had been made], was supported by a preponderance of the evidence as required by *High v. State,* 233 Ga. 153 (210 SE2d 673), and was not error." *Smith v. State,* 146 Ga. App. 444, 445 (1) (246 SE2d 454).

Contrary to appellant's assertions, the fact that such confession was not reduced to writing does not render it inadmissible. *Hilliard v. State,* 128 Ga. App. 157 (3) (195 SE2d 772).

4. A. Appellant complains of error on the general grounds, alleging that the evidence adduced at trial was insufficient, as a matter of law, to warrant a finding of guilty.

The victim testified that defendant kissed and placed his fingers on her vagina and breasts and that he placed her on top of him in bed, while nude. The defendant himself, by virtue of his confession, corroborated the victim's testimony. Thus, in view of the evidence presented at trial supporting a verdict of guilty, we conclude that a rational trier of fact could reasonably have found defendant guilty of the crime of child molestation. *Giles v. State,* 143 Ga. App. 558 (1) (239 SE2d 168).

B. Appellant's contention that venue was not properly established is also without merit. The evidence showed that the alleged acts of molestation occurred in the

defendant's home located in Meriwether County. This being so, the jury was authorized to find venue in Meriwether County. *Reynolds v. State,* 147 Ga. App. 488 (3c) (249 SE2d 305).

C. Nor does the fact that a specific date (on which the alleged sexual activity was to have occurred) was not proved at trial mandate reversal. Since there was evidence placing "the date of the offense clearly within the statutory period and before the warrant and indictment" (*Decker v. State,* supra, Division 5), it was not error that a particular day was not proved. Id.

Since we find no reversible error, the judgment of the trial court must be affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED OCTOBER 3, 1979 — DECIDED JANUARY 7, 1980.

*Ken Gordon,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.