### 37298. SMITH v. THE STATE.

*(This appeal from the Superior Court of Jones County was argued April 6, 1981, at the One Hundred Thirty-Fifth Anniversary Session of the Supreme Court of Georgia, Talbot County Courthouse, Talbotton, Georgia.)*

MARSHALL, Justice.

The appellant was convicted of murdering his wife, and he was sentenced to life imprisonment. In this appeal, his sole argument is that the trial judge abused his discretion in ruling that the appellant's two stepdaughters, ages eight and nine at the time of trial, were competent to testify.

The test for determining the competency of a child to testify as a witness is enunciated in *Jones v. State,* 219 Ga. 245, 246 (132 SE2d 648) (1963): "The statutory test, Code § 38-1607, of the competency of a child to testify as a witness in a court of justice is that he understand the nature of an oath. The rule has been frequently applied. *Moore v. State,* 79 Ga. 498 (3) (5 SE 51); *Minton v. State,* 99 Ga. 254 (1) (25 SE 626). As demonstrated by the opinions of this court, the standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on,

512

and that if he violates the obligation he is subject to be punished by the court. *Reece v. State,* 155 Ga. 350 (116 SE 631); *Style v. State,* 175 Ga. 95 (165 SE 7). It is not even essential to the witness's competency, although desirable, that he believe in a supreme being, *Gantz v. State,* 18 Ga. App. 154, 156 (2) (88 SE 993), or that he be aware of God's existence, *Bell v. State,* 164 Ga. 292 (138 SE 238). Such lack of faith or knowledge is merely a matter to be considered in passing upon his credibility. Code § 38-1602."

From our review of the trial transcript, we hold that the trial judge was authorized in finding that the two child witnesses were competent to testify.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 21, 1981.

*Groover & Childs, Denmark Groover, Jr., Frank H. Childs, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.