## 62574. BEARDEN v. THE STATE.

QUILLIAN, Chief Judge.

The defendant brings this appeal from his conviction of five counts of child molestation. *Held:*

1. Defendant was charged with five acts of child molestation with three of his children who were 9, 10, and 12 years of age at the time of trial. He contends "[T]he trial court erred in overruling [his] continuing objection to the competency of the children to testify." *On appeal* he argues (1) the inquiry was made by the district attorney and should have been made by the court, (2) the court was confused and made only a threshold ruling, leaving the ultimate question for the jury, and (3) the finding of competency is not supported by the evidence. The enumerated error deals solely with the finding of competency *at trial* and that is the only issue we will address as " '[a]n enumeration of error cannot be enlarged to include other issues not made therein.' " *Hurston v. Georgia Farm Bureau,* 148 Ga. App. 324, 326 (2) (250 SE2d 886).

Our Code decrees that "[t]he court shall, by examination decide upon the capacity of one alleged to be incompetent from . . . infancy." Code Ann. § 38-1610 (Code § 38-1610). Further, "children who do not understand the nature of an oath, shall be incompetent witnesses." Code Ann. § 38-1607 (Code § 38-1607). Each child testified that he or she knew the meaning of an oath, their belief in God, that it was wrong to lie, and they would tell the truth. We find the examination by the judge and the district attorney of these children sufficient to establish they understood the nature of their oath. *Jones v. State,* 219 Ga. 245, 246 (132 SE2d 648); *Turpin v. State,* 121 Ga. App. 294 (1) (173 SE2d 455); *Decker v. State,* 139 Ga. App. 707 (1) (229 SE2d 520). The trial court's determination of competency will not be disturbed absent abuse of discretion. *Geter v. State,* 231 Ga. 615, 617 (203 SE2d 195). We have found no abuse of discretion. See *Bell v. State,* 164 Ga. 292 (2) (138 SE 238).

2. Motions for continuance based on grounds that counsel has not had sufficient time to prepare for trial are addressed to the sound discretion of the trial court. *Burnett v. State,* 240 Ga. 681, 684 (1) (242 SE2d 79). The evidence showed that counsel had discussed representing the defendant in August 1980 but refused "to do anything" until he was paid. The defendant appeared in court at the December 1980 term without a lawyer and the court refused to appoint counsel because it was determined defendant could afford representation. He was advised to obtain a lawyer and the case was continued until the February Term. Just prior to the February Term, the court was advised that the defendant did not have counsel and on

Saturday before the case was called on Monday, counsel was appointed. Counsel moved for a continuance on Monday and the case was postponed until Wednesday. This second motion for a continuance was made at the Wednesday call of the trial calendar. Neither the law nor the facts involved in this case is complicated. The principal witnesses for the state, the defendant's wife and three children, were available locally. We do not find the denial of a second continuance to be an abuse of discretion. *Morgan v. State,* 224 Ga. 604, 605 (163 SE2d 690); *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30).

3. Defendant moved for a mistrial and argued to the court that the judge, "while we were striking the jury," "was talking about what a good system that we had with our criminal justice system, and went on to relate to the jurors, that there were two courts in Atlanta, the Court of Appeals and the Supreme Court, which could sit in judgment and correct any errors that the trial court might make." The motion was denied.

"The Supreme Court has repeatedly held references should not be made to the reviewing courts by court or counsel except to cite their decisions. See in this connection, *Mitchell v. State,* 22 Ga. 211 (9), 233; *Bryant v. State,* 197 Ga. 641, 655 (30 SE2d 259); *Faust v. State,* 222 Ga. 27, 29 (148 SE2d 430)." *Floyd v. State,* 135 Ga. App. 217, 218 (217 SE2d 452). However, not every reference to the appellate courts during trial is reversible error. *Bryant v. State,* 197 Ga. 641, 655 (8) (30 SE2d 259); *Scott v. State,* 229 Ga. 541, 546 (192 SE2d 367); *Thomas v. State,* 242 Ga. 712, 714 (2) (251 SE2d 294); *Hood v. State,* 157 Ga. App. 282, 285 (5) (277 SE2d 261). The references here to the curative powers of the appellate courts must be considered in the context of juror orientation of the judicial system and how it functions. Juror orientation is recommended by the American Bar Association but only by use of a juror handbook — thus avoiding the pitfalls encountered in the instant case. See ABA Minimum Standards for Criminal Justice, Trial by Jury § 3.1. Where, as here, this form of orientation occurred before any evidence was introduced, did not convey or intimate any opinion of the trial judge *(Paulhill v. State,* 229 Ga. 415 (1) (191 SE2d 842)), nor lessen the sense of responsibility of the jurors *(Hammond v. State,* 156 Ga. 880 (5) (120 SE 539)), we find such abstract references to the appellate courts not to require reversal. *Scott v. State,* 229 Ga. 541, 546, supra.

4. Defendant objected to the admission of testimony of his wife on the question of whether he had made "any unusual sexual requests" of her. The basis of the objection was relevancy. "Every fact or circumstance serving to elucidate or throw light upon the issue

being tried, constitutes proper evidence in the case." *Patterson v. State,* 233 Ga. 724 (1) (213 SE2d 612). " 'Questions of the relevancy of evidence are for the court . . . when facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them.' " *Ball v. State,* 145 Ga. App. 254 (243 SE2d 672). "The Georgia rule favors admissibility of any relevant evidence, no matter how slight the probative value." Agnor's Ga. Evid. § 10-2. Where evidence is of doubtful relevancy, the trial court should admit it and let its weight be decided by the jury. *Crass v. State,* 150 Ga. App. 374, 377 (257 SE2d 909); *Lewis v. State,* 158 Ga. App. 586, 587 (281 SE2d 331).

"In crimes involving sexual offenses, evidence of similar previous transactions is admissible 'to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged.' " *Warren v. State,* 95 Ga. App. 79, 80 (97 SE2d 194); Accord: *Felts v. State,* 154 Ga. App. 571 (2) (269 SE2d 73). In the instant case defendant's wife testified that defendant had made demands upon her for oral and anal sex when he was drinking. The children had testified previously that their father had made demands upon them for oral and anal sex when he had been drinking. We find no error in the trial court's ruling. See *McNeal v. State,* 228 Ga. 633 (5) (187 SE2d 271).

5. At trial, counsel objected to the admission of defendant's taped statement to the police on the basis that (1) he was "enticed" into making the statement by a promise "that if he testified to the fact that if he was drunk it could help him," and (2) lack of "the proper foundation." The investigating officer denied he made such statement to the defendant. Implicit in the trial court's finding of admissibility is resolution of this factual issue against the defendant and that determination is binding on an appellate court unless clearly erroneous. *Gibbs v. State,* 235 Ga. 480, 483 (220 SE2d 254). The court's finding is supported by evidence of record and is not clearly erroneous.

The investigating officer testified he used the sheriff's recorder, that it recorded accurately, he listened to the recording on the day of the trial, it had not been altered or changed, and State's Exhibit 1 was the recording which had been placed in a sealed bag and locked in the evidence drawer. We find this to be a proper foundation. *Estes v. State,* 232 Ga. 703, 709 (4) (b) (208 SE2d 806); *Harris v. State,* 237 Ga. 718, 724-725 (5) (230 SE2d 1). This enumeration is without merit.

6. It was not error for the trial court to refuse to charge the jury in accordance with Code Ann. § 38-1607 — competency of children as

witnesses. The trial court determines the competency of the witness (Code Ann. § 38-1610) — the jury decides credibility *(Reece v. State,* 155 Ga. 350 (1) (b) (116 SE 631)); *Bell v. State,* 164 Ga. 292, 295, supra.

7. The jury returned a verdict in which the foreman had signed both the "guilty" and "not guilty" blanks for each count. The trial court refused to accept the verdict and refused to have it published but returned the jury to the jury room with instructions to "make a choice between each of the choices ... and you can redo it." We find no error in the trial court's refusal to accept the obviously conflicting verdict and to require the jury to return to the jury room to reach and record a verdict correct in form and substance. *Mangham v. State,* 87 Ga. 549 (2) (13 SE 558); *Groves v. State,* 162 Ga. 161 (1) (132 SE 769); *Arnold v. State,* 39 Ga. App. 680 (2) (148 SE 283); *Gober v. State,* 75 Ga. App. 505, 507 (2) (43 SE2d 573); *Allison v. State,* 110 Ga. App. 266 (3) (138 SE2d 335); *Dunn v. State,* 141 Ga. App. 853 (2) (234 SE2d 687); *Alexander v. State,* 150 Ga. App. 41 (2) (256 SE2d 649); see also *Connor v. Mangum,* 132 Ga. App. 100 (2) (207 SE2d 604).

8. It was not error to refuse to direct a verdict for the defendant. In like manner, the general grounds are without merit as there is sufficient evidence for a rational trier of fact to have found the offenses charged were established beyond reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. McMurray, P.J., and Pope, J., concur.*

DECIDED OCTOBER 9, 1981.

*William G. Posey,* for appellant.
*William A. Foster III, District Attorney, Barbara V. Tinsley, Assistant District Attorney,* for appellee.