## 64950. MACKLER v. THE STATE.

BANKE, Judge.

In this appeal from his conviction for child molestation, the appellant contends that the trial court erred in finding the 5-year-old victim competent to testify, in admitting evidence of his previous convictions for rape and solicitation of sodomy, in admitting evidence of the contents of a hospital emergency room report which had not been disclosed by the state pursuant to Code Ann. § 27-1303, and in failing to grant his request to charge on public indecency as a lesser included offense.

This case was tried twice, with the first trial resulting in a mistrial due to the jury's inability to reach a verdict. Although the transcript of the first trial is not before us, it appears without dispute from an affidavit submitted by the court reporter that the victim was declared incompetent to testify at that time and that the two prior convictions were not offered as evidence. At the second trial, both the victim and her 8-year-old brother testified that the appellant pressed his exposed penis against the victim's body during an encounter on the shore of a lake where the two children were playing. The appellant was arrested near the scene shortly thereafter, based on a description provided to police by the brother. These events took place in September of 1981. The conduct which gave rise to the prior rape and solicitation of sodomy convictions took place in January of 1977 and August of 1980, respectively. *Held:*

1. "The statutory test, Code § 38-1607, of the competency of a child to testify as a witness in a court of justice is that he understand the nature of an oath . . . *Moore v. State,* 79 Ga. 498 (3) (5 SE 51); *Minton v. State,* 99 Ga. 254 (1) (25 SE 626). As demonstrated by the opinions of this court, the standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court. *Reece v. State,* 155 Ga. 350 (116 SE 631); *Style v. State,* 175 Ga. 95 (165 SE 7)." *Jones v. State,* 219 Ga. 245, 246 (132 SE2d 648) (1963); *Smith v. State,* 247 Ga. 511 (277 SE2d 53) (1981).

The victim testified as follows concerning her understanding of the meaning of an oath:

"Q. Do you know what an oath is?

"A. Yes.

"Q. Tell the judge what an oath is.

"A. When you promise God to tell the truth.

"Q. Do you know what telling a lie is? What is a lie?

"A. A lie is when you tell a story.

"Q. Is the truth a story?

"A. No.

"Q. Is the truth good or bad?

"A. Good.

"Q. Is a lie good or bad?

"A. Bad.

"Q. What happens if you tell your mama a story?

"A. You get a spanking.

"Q. Do you know what happens if you tell a lie in court, when you swear to God to tell the truth? What happens?

"A. You go to jail."

This testimony was sufficient to authorize the trial court to conclude that the witness was competent to testfiy. Accord *Thurmond v. State,* 220 Ga. 277 (3) (138 SE2d 372) (1964); *Brewer v. James,* 76 Ga. App. 447, 453 (2) (46 SE2d 267) (1948). Compare *Johnson v. State,* 76 Ga. 76 (1885); *Miller v. State,* 109 Ga. 512 (35 SE 152) (1899); *Edwards v. State,* 162 Ga. 204 (132 SE 892) (1926); *Pace v. State,* 157 Ga. App. 442 (1) (278 SE2d 90) (1981). The fact that the child could not state the date of her birthday and that she reported having seen a shark while she was swimming did not render her incompetent to testify as a matter of law, but rather these were matters to be considered by the trial court in determining her competency and by the jury in weighing her testimony. See *Hayes v. State,* 152 Ga. App. 858 (2) (264 SE2d 307) (1980).

2. "Evidence of other similar crimes by a defendant is admissible if there is 'sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.]' *French v. State,* 237 Ga. 620, 621 (229 SE2d 410). Such evidence may be admitted to show state of mind or intent of a defendant. *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515). 'In crimes involving sexual offenses, evidence of similar previous transactions is admissible "to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged." [Cits.]' *Warren v. State,* 95 Ga. App. 79, 80 (97 SE2d 194)." *Felts v. State,* 154 Ga. App. 571 (2) (269 SE2d 73) (1980). See also *Phelps v. State,* 158 Ga. App. 219 (2) (279 SE2d 513) (1981).

Although there is no indication that either of the prior sexual offenses at issue in the case before us now involved children, they were nevertheless admissible to establish the appellant's lustful disposition. The appellant did not deny that he had touched the

victim on the occasion in question but testified that his only purpose had been to clean her after she had defecated on herself. The fact that he had twice been convicted of sexual offenses within the previous 4-1/2 years was certainly relevant, under these circumstances, to show that he had a lustful disposition and thereby to corroborate the testimony of the victim and her brother.

3. Any error in allowing the examining physician to testify with reference to the emergency room report was obviated by the fact that the witness had given the same testimony at the previous trial, a fact established by the inclusion in the record of a transcription of his previous testimony. Since the appellant was already well aware of the testimony the physician would offer, he could not have been harmed by the state's failure to disclose the substance of the medical report pursuant to either Code Ann. § 27-1303 or Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Cf. *Odom v. State,* 248 Ga. 434 (3) (283 SE2d 885) (1981).

4. The court did not err in refusing the appellant's request to charge on public indecency (Code Ann. § 26-2011), as there was no evidence from which the jury could reasonably have concluded that he had committed an act of public indecency but had stopped short of committing child molestation. See generally *Mafnas v. State,* 149 Ga. App. 286, 289 (4) (254 SE2d 409) (1979).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED DECEMBER 3, 1982 —
REHEARING DENIED DECEMBER 17, 1982.

*H. Bradford Morris, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Patrick F. McMahan, Assistant District Attorneys,* for appellee.