### 66014. POPE v. THE STATE.

POPE, Judge.

Defendant was indicted and tried on two counts of child molestation, each count relating to a separate alleged victim. The jury found him guilty on count one, but not guilty on count two. The trial court sentenced him to ten years, to serve two. Defendant now appeals, asserting four enumerations of error. *Held:*

1. Defendant first contends that the trial court erred in ruling that one of the alleged victims, an eleven-year-old girl, was competent to testify. See OCGA § 24-9-7 (formerly Code Ann. § 38-1610). OCGA § 24-9-5 (formerly Code Ann. § 38-1607) provides: "Persons who do not have the use of reason, such as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, shall be incompetent witnesses." In *Smith v. State,* 247 Ga. 511,

511-12 (277 SE2d 53) (1981), the Supreme Court defined the standard of competency of a child to be a witness as being "not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court."

Once a child's competency has been thoroughly tested in court, it is within the sound discretion of the trial court whether or not to rule the child competent to testify as a witness. *Sullivan v. State,* 162 Ga. App. 297 (1) (291 SE2d 127) (1982); *Allen v. State,* 150 Ga. App. 605 (2) (258 SE2d 285) (1979). Because the trial court has had the opportunity to observe the child during the competency examination and because such observation provides material indicia of competency (or the lack thereof) which this court cannot glean from a cold record, we will upset the ruling of competency only when the record clearly shows that the child was not competent as defined in *Smith v. State,* supra. See *Sullivan v. State,* supra; *Bearden v. State,* 159 Ga. App. 892 (1) (285 SE2d 606) (1981); *Allen v. State,* supra; see also *Hurst v. State,* 166 Ga. App. 852 (2) (—— SE2d ——) (1983). (For a case reversing on this ground, see *Pace v. State,* 157 Ga. App. 442 (1) (278 SE2d 90) (1981)). A further reason for the hesitation of appellate courts to interfere with competency rulings is that the trial court's ruling as a matter of law that the child is competent (see OCGA § 24-9-7 (a) (Code Ann. §§ 38-1601, 38-1610)) is followed by the jury's independent determination of the child's credibility as a matter of fact. See *Hayes v. State,* 152 Ga. App. 858 (2) (264 SE2d 307) (1980).

In the case at bar, the child could not say what an oath was, but she demonstrated that she knew the difference between truth and falsehood, that telling a lie was wrong and could result in punishment. She was subjected to thorough and sifting cross-examination as well as questions propounded by the court in addition to the state's examination. We find that the requisites of *Smith v. State,* supra, have been amply satisfied.

2. Defendant next contends that the trial court erred in allowing the state to refer to medical evidence not in the case during closing argument. The closing argument was not transcribed and the only indication we have of what was said appears in the transcribed objections and colloquy, followed by a statement by the district attorney for the record. He stated: "I mentioned to the jury in my closing argument — I was going over the weak parts of my case, and I said we have presented no evidence of medical testimony, that if we

had presented it it would have been powerful, but we don't have it, it's not before you." This was not challenged by the defense. The court instructed the state to contain its remarks "to the facts in evidence and not to anything that could have been or might have been in evidence."

The assertedly offensive remark by the state appears to have been merely an anticipatory concession of an apparent gap in its proof of the crime, designed to cushion the expected argument of defense counsel on that same point. As such, the remark was not outside the permissible latitude afforded to counsel in making closing argument. See *Bryant v. State,* 146 Ga. App. 43 (3) (245 SE2d 333) (1978); see generally *Hyde v. State,* 196 Ga. 475 (7) (26 SE2d 744) (1943). Moreover, being that the state may generally comment on the failure of the defense to produce evidence (see *Conner v. State,* 160 Ga. App. 202 (7) (286 SE2d 441) (1981); *Holmes v. State,* 148 Ga. App. 817 (2) (253 SE2d 237) (1979)), it follows that it may, within reasonable bounds, comment on its own failure to produce evidence. "The matter of argument lies within the sound discretion of the trial judge. We find no abuse." *Hinton v. State,* 138 Ga. App. 702 (4) (227 SE2d 474) (1976).

3. In his third enumeration of error, defendant contends that the trial court erred in refusing to give his requested charge that a defendant does not bear either the burden of proof or a burden of persuasion of any defense asserted, that the burden is upon the state to disprove the defense beyond a reasonable doubt. The requested charge was taken from *Moore v. State,* 137 Ga. App. 735 (2) (224 SE2d 856) (1976), and, although the case has been reversed (237 Ga. 269 (227 SE2d 241)), the language requested is still a correct statement of law. See *Marable v. State,* 154 Ga. App. 115 (1) (267 SE2d 837) (1980). Nevertheless, the standard charge given by the trial court fully covered the burden of proof in a criminal case and thus there was no error. See *Jones v. State,* 161 Ga. App. 620 (2) (288 SE2d 795) (1982). The court did not charge that the defendant bore no burden of proving any defenses asserted, but such a specific charge was not required in this case because the defense here amounted to a general denial of the alleged acts rather than an affirmative defense. The pattern charge was, in short, sufficient.

4. Defendant's final contention is that the trial court erred in refusing to grant his motion for a directed verdict of acquittal. If there is "any evidence" of guilt such that an acquittal is not demanded as a matter of law, it is for the jury to decide the case. *James v. State,* 162 Ga. App. 490 (1) (292 SE2d 91) (1982). The evidence in this case was clearly sufficient to render a directed verdict improper.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1983 —
REHEARING DENIED JULY 7, 1983 — 

*James R. Dollar, Jr.,* for appellant.
*Frank C. Winn, District Attorney, Jeffrey P. Richards, Assistant District Attorney,* for appellee.