## 66478. ARNOLD v. THE STATE.

BANKE, Judge.

The appellant was tried and convicted of two counts of child molestation. In this appeal, he contends that the trial court erred in finding the 7- and 8-year-old victims competent to testify; in denying his motions for a continuance, dismissal of the charges, or a directed verdict of acquittal; and in failing to charge the jury that the date alleged in the indictment was a material element of the offense. *Held:*

1. The appellant moved for dismissal of the charges and/or a directed verdict of acquittal on the ground that the state had failed to prove that the charged offenses occurred either on the date alleged in the indictment or within four years prior to the return of the indictment. Neither child could specify a date on which the offenses occurred, and the parents testified that the date of April 3, 1982, alleged in the indictment was an approximation.

Where the date alleged in the indictment is not a material element of the offense, the state may prove the offense as of any date within the statute of limitation. *Wade v. State,* 147 Ga. App. 511 (249 SE2d 323) (1978); *Jefferson v. State,* 136 Ga. App. 63 (220 SE2d 71) (1975); *Decker v. State,* 139 Ga. App. 707 (229 SE2d 520) (1976). In this case, the 8-year-old child testified that she was 7 years old when the events in question occurred, and the appellant himself stated that he had known the children for less than 4 years. This testimony sufficiently placed the date of the charged offenses within the 4-year limitation period. See *Caldwell v. State,* 139 Ga. App. 279 (228 SE2d 219) (1976); *Decker v. State,* supra.

The appellant's reliance upon *Staggers v. State,* 119 Ga. App. 85 (166 SE2d 411) (1969), is misplaced. An examination of the record in that case discloses that the state was required to prove that the alleged child molestation had occurred prior to December 21, 1966, the child's fourteenth birthday. The state alleged in the indictment that the defendant had committed the offense on November 22, 1966, but the only evidence presented on this point at trial was that it had occurred "just before school started last year," meaning 1966. This court found that evidence insufficient to support the conviction in the absence of a showing that school had started prior to December 21, 1966. Thus, the holding in *Staggers* resulted not from the need to show that the offense had occurred within the 4-year limitation period, but from the need to show that it had occurred before December 21, 1966. No such problem exists in the instant case.

2. The appellant contends that under *Caldwell v. State,* supra,

he was at least entitled to a continuance upon learning that the state did not intend to prove the date alleged in the indictment, due to his reliance upon an alibi defense. In *Caldwell,* this court held that "if defendant, relying upon an alibi defense for the time alleged in the indictment, is surprised and prejudiced by a time variance, upon his motion therefor he will be afforded sufficient time to prepare his defense to meet the new date." 139 Ga. App. at 287. In this case, counsel for appellant had obviously concentrated his defense on the presentation of an alibi pertinent to the date alleged in the indictment. He asserted this theory during his opening statement, and all the evidence presented by the appellant related to it. When the state revealed its intent at trial merely to prove that the alleged offense had occurred within the limitation period, rather than to prove the specific date indicated in the indictment, the appellant promptly moved for a continuance. Based upon the showing of genuine surprise and prejudice resulting from the state's disclosure that it did not intend to prove the date alleged in the indictment, we hold that the trial court erred in denying the motion. Accordingly, both convictions must be reversed and the case remanded for new trial.

3. "[T]he standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court." *Jones v. State,* 219 Ga. 245, 246 (132 SE2d 648) (1963). See also *Smith v. State,* 247 Ga. 511 (277 SE2d 53) (1981); *Mackler v. State,* 164 Ga. App. 874 (298 SE2d 589) (1982).

In this case, both children were questioned outside the presence of the jury about their understanding of the nature of an oath. The 8-year-old child testified that it was right to tell the truth and wrong to tell a lie and that she knew the difference between the two. She said she understood that by raising her hand and promising to tell the truth she was obligated to tell the truth and that telling a lie would result in going to the devil, and she stated that she did not believe that lying would be acceptable even if her father approved of such. This testimony sufficiently demonstrated that the child understood both that she had an obligation to tell the truth and that punishment would result from lying. Accordingly, the trial court was authorized to find her competent to testify. See *Smallwood v. State,* 165 Ga. App. 473 (301 SE2d 670) (1983); *Hayes v. State,* 152 Ga. App. 858 (2) (264 SE2d 307) (1980); *Decker v. State,* supra.

The 7-year-old child also indicated that she understood the difference between telling the truth and lying and that it was right to tell the truth and wrong to lie, and she also stated that she would tell the truth. However, she was unable despite repeated questioning to demonstrate an awareness of any consequences which might result from lying under oath. Under these circumstances, we must conclude that the trial court erred in finding her competent to testify. See *Edwards v. State,* 162 Ga. 204 (132 SE 892) (1926); *Strickland v. State,* 164 Ga. App. 845 (297 SE2d 491) (1982). This does not necessarily mean, however, that she will be incompetent to testify upon retrial of the case, for "as she advances in years . . . she may possibly better understand the obligation of an oath and the penalty for its violation, and may become a competent witness." *Edwards v. State,* supra at 205.

4. There is no merit to the appellant's contention that the trial court should have instructed the jury that the date alleged in the indictment became a material element of the offense when he raised the defense of alibi. That proposition was expressly rejected in *Caldwell v. State,* supra.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*William E. Cannon, Jr.,* for appellant.
*Thomas H. Pittman, District Attorney, Arthur W. Leach, Robert C. Wilmot, Assistant District Attorneys,* for appellee.