for appellee.

## 66782. THOMAS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of sodomy and child molestation. Following the denial of his motion for new trial, defendant appeals. *Held:*

1. At trial the victim testified as to a particular sexual act committed upon her by defendant. On cross-examination the victim stated that she had given testimony in regard to the particular sexual act previously at a hearing. Defendant enumerates as error the trial court's refusal to permit him to testify for purposes of impeachment that the victim had not given any testimony at the preliminary hearing as to the particular sexual act in question.

Defendant's reliance upon the provisions of OCGA § 24-9-83 (formerly Code § 38-1803) dealing with impeachment by previous contradictory statements is unfounded. Defendant concedes in his brief that "there was no particular statement which was contradictory," and predicates his argument on the assertion that "the witness never made a statement which she testified that she had made." As the absence of a prior statement at the hearing fails to amount to a contradiction, there could be no impeachment under the provisions of OCGA § 24-9-83 (Code § 38-1803), supra. See in this regard *Travelers Ins. Co. v. Bailey,* 76 Ga. App. 698 (1) (47 SE2d 103).

Defendant also contends that his proffered testimony was admissible to impeach the victim under the provisions of OCGA § 24-9-82 (formerly Code § 38-1802) relating to impeachment by disproving the facts testified to by the witness. Defendant would impeach the victim by disproving her testimony that she had given evidence in regard to the particular sexual act at a hearing held prior to trial. However, a witness may not be impeached because of a discrepancy as to a wholly immaterial matter. *Mann v. State,* 124 Ga. 760 (4) (53 SE 324). Whether the victim had given testimony as to the particular sexual act in question at a hearing prior to trial is wholly immaterial to the issue of defendant's guilt of the crimes charged. *Gilbert v. State,* 159 Ga. App. 326, 327 (2) (283 SE2d 361).

2. During the deliberations of the jury they submitted to the trial court the questions: "Why was the charge reduced from aggravated sodomy? Does this imply that [the victim] consented to the act of sodomy?" In response thereto the trial court charged the jury "that a person commits aggravated sodomy when he commits

sodomy with force and against the will of the other person. Now, under the laws of the State of Georgia, a child under 14 years of age cannot consent as a matter of law. But based upon the fact that the State must show force, the court reduced the charge to sodomy."

Defense counsel made no objection to the trial court's charge but asked that the trial court further charge the jury in order to clarify that the trial court was just making a determination as to what evidence had been presented and was not making a finding as to what did or did not happen. The trial court declined to give any further charge to the jury. It was not error for the judge to confine his instructions to the specific point suggested by the jury's inquiry. *Williams v. State,* 151 Ga. App. 765, 766 (1) (261 SE2d 487).

3. Two of the state's witnesses were children (the victim, 11 years of age, and her younger sister, 7 years of age). Defendant contends the trial court erred in determining that these witnesses were competent. "While it is true that a child who does not understand the nature of an oath is not a competent witness (Code Ann. § 38-1607), the trial court is the arbiter of competency. Code Ann. § 38-1610. The decision of the trial court regarding capacity will not be reversed except for a manifest abuse of discretion. *Edwards v. State,* 226 Ga. 811, 812 (177 SE2d 668); *Lashley v. State,* 132 Ga. App. 427, 429 (208 SE2d 200)." *Herron v. State,* 155 Ga. App. 791, 792 (1) (272 SE2d 756). See also *Bearden v. State,* 159 Ga. App. 892 (1) (285 SE2d 606) and *Smith v. State,* 247 Ga. 511 (277 SE2d 53).

Each child testified that she attended church where her grandfather was the preacher, that she knew the difference between the truth and a lie, that it was wrong to tell a lie, that if someone told a lie they would get in trouble (or something bad would happen to them); and that she promised to tell the truth. Although testimony by each child that she had not discussed going to court to testify with anyone, including family members present at court may appear somewhat improbable, such testimony did not render the children incompetent as a matter of law.

Defendant also contends that the following testimony by one of the children (the victim) is inconsistent with an appreciation of an obligation to tell the truth. "Q. Did Detective Henry once tell you some things to say? A. Yes. Q. Are you going to say what Detective Henry told you to say? A. Yes." However, the further testimony of this child (the victim) reveals that Detective Henry had taught her and told her to use certain anatomical terms with which the child was previously unfamiliar and apparently without sufficient vocabulary to succinctly express.

We find no manifest abuse of discretion on the part of the trial court in determining the children to be competent. Any apparently

inconsistent testimony presented by the children does not render the children incompetent to testify as a matter of law, but is a matter for consideration by the trial court in making its determination of competency and by the jury in determining the credibility of the witnesses. *Hayes v. State,* 152 Ga. App. 858 (2) (264 SE2d 307); *Mackler v. State,* 164 Ga. App. 874, 875 (1) (298 SE2d 589).

4. Defendant's final enumeration of error is that the trial court erred in failing to accurately advise defense counsel as to which request to charge would be given. As to the duty of the trial court to inform counsel of its proposed action upon the requests prior to their arguments to the jury, see OCGA § 5-5-24 (formerly Code Ann. § 70-207 (b) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078)).

After a discussion with counsel as to the evidence presented at trial, the trial court informed defense counsel that he would not give in charge to the jury defendant's requested charge as to circumstantial evidence. After closing arguments were presented, the trial court then gave its charge to the jury, including a charge on circumstantial evidence. Pretermitting any issue arising from variances between defendant's requested charge and that given by the trial court, we will address the issue as presented by defendant, that is, that the trial court gave to the jury defendant's previously rejected charge on circumstantial evidence.

Defendant relies upon our decision in *Evans v. State,* 146 Ga. App. 480, 483 (1) (246 SE2d 482), a case involving "a total and wilful noncompliance with [former] Code Ann. § 70-207 (b)." In the case sub judice, there is no suggestion that defense counsel was misled or uninformed other than as to the charge on circumstantial evidence. Where there has been such substantial compliance with the provisions of OCGA § 5-5-24 (Code Ann. § 70-207 (b)), supra; and, as in the case sub judice, no request made by defense counsel to argue the case as to the circumstantial evidence rule to the jury, "the initial rejection of the requested instruction is not, by itself, a proper basis for the grant of a new trial." *Daniels v. State,* 137 Ga. App. 371, 373-376 (4) (224 SE2d 60).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 24, 1983.

*James W. Howard,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, D. Chris Jensen, Assistant District Attorneys,* for appellee.