## 69605. BARNES v. THE STATE.
### (328 SE2d 583)

BANKE, Chief Judge.

The appellant was convicted of sexually molesting a 5-year-old child. In this appeal, he enumerates as error the trial court's ruling that the child was competent to testify. He also questions the sufficiency of the evidence. *Held:*

1. "[T]he standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court." *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981).

During the competency hearing, the witness clearly indicated that she knew she would be punished if she did not tell the truth and that she knew it would be wrong to tell an untruth. She further demonstrated her competency during the course of her testimony regarding the commission of the alleged offense. "Any apparently inconsistent testimony presented by the [child] does not render the [child] incompetent to testify as a matter of law, but is a matter for consideration by the trial court in making its determination of competency and by the jury in determining the credibility of the witnesses." *Thomas v. State*, 168 Ga. App. 587 (3) (309 SE2d 881) (1983). "The trial court's determination of competency will not be disturbed absent abuse of discretion." *Bearden v. State*, 159 Ga. App. 892 (1) (285 SE2d 606) (1981). In this case, we find no such abuse.

2. Our review of the record and transcript convinces us that the jury was presented with sufficient evidence from which they could find the appellant guilty of child molestation beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The child testified that appellant touched her between her legs, and her mother testified that she noticed blood between the child's legs when she bathed her on the evening of the assault.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Birdsong, P. J, Carley, Sognier, and Beasley, JJ., concur. Pope and Benham, JJ., dissent.*

DECIDED MARCH 15, 1985.

*Larry B. Mims, Emerson D. Henderson*, for appellant.
*David E. Perry, District Attorney, Leonard M. Geldon, Assistant District Attorney*, for appellee.

BENHAM, Judge, dissenting.

I cannot agree with the majority's conclusion that the trial court did not abuse its discretion in finding the five-year-old victim competent to testify. My review of the transcript of the competency hearing reveals a little girl who did not yet possess sufficient intelligence to understand that which *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981), cited by the majority; and OCGA § 24-9-5 require for competency.

During the hearing held outside the presence of the jury to determine the five-year-old's competency to testify, the child, when asked whether or not it was good to tell the truth, stated that she did not know. When asked a leading question ("Is it good to tell the truth?"), she responded affirmatively. She was unable to articulate the difference between telling the truth and lying but, when led again, agreed it was bad to tell a lie.

When asked to tell the judge "what's the difference" between a lie and the truth, the child replied, "What's the difference?" When the attorney asked her again to tell "what's the difference between the truth and a lie," the child again parroted him by saying, "What's the difference between the truth and a lie?" When asked to respond "yes" or "no" to a question, she answered, "yes or no."

Nor did the child know what it meant to lie. She could only respond that one went to jail for lying. When given specific situations concerning the hair colors of the various parties involved in the proceeding, the child was able to determine if the questioner was lying or telling the truth about a certain person's hair color, but when asked why one statement would be a lie, the child replied several times, "You'll go to jail." She stated that she knew what it meant to swear, but she was never asked to articulate further on the subject. Her response to the question to whom does one swear was that one swore "to the courtroom." When then asked, "You know that you'd be swearing to God; is that right?", she responded affirmatively. Furthermore, the extent of her understanding of the nature of an oath was never explored. See *Pace v. State*, 157 Ga. App. 442 (1) (278 SE2d 90) (1981).

The majority rather blithely states that "[a]ny apparently inconsistent testimony presented by the [child] does not render the [child] incompetent to testify as a matter of law, but is a matter for consideration by the trial court in making its determination of competency

. . ." The "inconsistencies" in the child's testimony in the hearing in the case at bar occurred when she was unable to respond appropriately when asked straight-forward questions, but was then able to give the "correct" responses when extremely leading questions were propounded. These are not the type of "inconsistencies" this court reviewed in *Thomas v. State*, 168 Ga. App. 587 (3) (309 SE2d 881) (1983), cited by the majority; not in *Mackler v. State*, 164 Ga. App. 874 (1) (298 SE2d 589) (1982); and *Hayes v. State*, 152 Ga. App. 858 (2) (264 SE2d 307) (1980), cited in *Thomas*, supra. Rather, they are examples of the child's inability to comprehend and answer a simple question unless the desired response was laid out in front of her.

In support of its affirmance of the trial court's ruling, the majority depends on the fact that the child "further demonstrated her competency during the course of her testimony concerning the commission of the alleged offense." After reading the child's trial testimony, I have serious doubts about the majority's conclusion that her testimony demonstrated competency; however, my concern insofar as this appeal is concerned is the majority's implicit approval of bootstrapping. Instead of making a determination of competency based on testimony adduced at a competency hearing, the majority is now willing to look at a child's trial testimony to determine if the infant is competent to testify. Under this standard, when will a trial court ever find a child incompetent to testify before the child has testified? *Thomas v. State*, supra, cited by the majority, provides that a child's apparently inconsistent testimony does not render him/her incompetent to testify as a matter of law but is a factor to be considered by the trial court in making its competency determination, and a factor for the jury in determining credibility. *Thomas* is not authority for the trial court to wait to hear the trial testimony before rendering a decision as to the child's competency, and it is not authority to permit the jury to peruse the competency hearing transcript before determining the child's credibility.

While I am in full accord with the principle that the determination of the competency of an infant is within the sound discretion of the trial court, I am also mindful of the duty of this court to upset a ruling of competency when the record clearly shows that the child was not competent as defined in *Smith v. State*, supra. *Pope v. State*, 167 Ga. App. 328 (1) (306 SE2d 326) (1983). After reviewing the transcript of the competency hearing, I must conclude that the child was not competent to testify and that the trial court abused its discretion in finding otherwise. I would reverse the judgment of conviction and suggest that the child might become a competent witness, understanding better the obligation of an oath and the distinction between telling the truth and telling lies, "as she advances in years and moral training." *Edwards v. State*, 162 Ga. 204, 205 (132 SE 892) (1926).

See *Arnold v. State,* 167 Ga. App. 720 (3) (307 SE2d 526) (1983); *Strickland v. State,* 164 Ga. App. 845 (297 SE2d 491) (1982); *Pace v. State,* supra.

I am authorized to state that Judge Pope joins in this dissent.