### 70898. SANBORN v. THE STATE.
(335 SE2d 719)

CARLEY, Judge.

Appellant was convicted of incest and aggravated sodomy. He appeals.

1. Appellant contends that the trial court erred in qualifying one of the victims, his nine-year-old daughter, as a competent witness. "[T]he standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court. [Cits.]" *Smith v. State*, 247 Ga. 511-512 (277 SE2d 53) (1981). During the competency hearing, the witness indicated that she knew that it was wrong to tell a lie and that bad things happened to people who told lies. She said that she knew the difference between the truth and a lie, and she swore to tell the truth. "The trial court's determination of competency will not be disturbed absent abuse of discretion. [Cit.]" *Bearden v. State*, 159 Ga. App. 892 (285 SE2d 606) (1981). In the instant case, we find no such abuse.

2. Appellant enumerates as error the refusal of the trial court to allow him to participate in his own defense by cross-examining a witness. "No person shall be deprived of the right to prosecute or defend, *either* in person *or* by an attorney, that person's own cause in any of the courts of this state." (Emphasis supplied.) Art. I, Sec. I, Par. XII, Constitution of Georgia, 1983. This provision supersedes the former provision that "[n]o person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, *or both*." (Emphasis supplied.) Art. I, Sec. I, Par. IX, Constitution of Georgia, 1976 (former Code Ann. § 2-109).

A person no longer has the right to represent himself and *also* be

represented by an attorney. See *Jones v. State*, 171 Ga. App. 184 (319 SE2d 18) (1984). Appellant was represented by two attorneys. Thus, the trial court did not err in refusing to allow appellant to cross-examine the witness.

3. Appellant enumerates as error the denial of a directed verdict of acquittal on the ground that there was insufficient evidence to sustain a conviction. Our review of the record shows that the jury was presented with sufficient evidence from which it could find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant contends that the trial court erred in instructing the deadlocked jury that it could make a recommendation for psychiatric help after a guilty verdict. The record, however, does not indicate that the court did so instruct the jury. When the jury asked whether it would be permitted to make a recommendation of psychiatric help after a guilty verdict, the court repeated its initial charge that "[y]ou are not responsible for and should not consider any consequences of your verdict, only whether your verdict is in fact a true verdict." This was a correct statement of law. *Wilson v. State*, 233 Ga. 479, 482 (8) (211 SE2d 757) (1975). The court then stated, without any reference to psychiatric treatment for appellant or to punishment in any sense, "the court will tell you that if members of the jury, collectively, or any individual members of the jury, wish to make any sort of statement, after a verdict in this case, the court will certainly allow it." This statement did not invite the jurors to consider the consequences of their verdict. The trial court instructed the jury correctly and therefore this enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1985.

*James H. Whitmer*, for appellant.
*Bruce L. Udolf, District Attorney, Deborah S. Wilbanks, Assistant District Attorney*, for appellee.