## 70873. HYATT v. THE STATE.
### (337 SE2d 784)

BENHAM, Judge.

Appellant was convicted of sodomizing his seven-year-old son. On appeal he questions the sufficiency of the evidence and the trial court's conclusion that the young victim was competent to testify.

1. "[T]he standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court. [Cits.]" *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981). At a competency hearing held outside the presence of the jury, the youngster stated it was good to tell the truth and bad to lie, and that he was aware that punishment awaited liars. He also swore to tell the truth. In the absence of an abuse of discretion, the appellate court will not overturn a trial court's competency ruling. *Bearden v. State*, 159 Ga. App. 892 (1) (285 SE2d 606) (1981). See also *Sanborn v. State*, 176 Ga. App. 259 (335 SE2d 719) (1985).

2. The child testified that appellant placed his sex organ in the child's mouth and anus. The evidence was sufficient for a rational trier of fact to find appellant guilty of sodomy beyond a reasonable doubt. OCGA § 16-6-2 (a); *Carter v. State*, 168 Ga. App. 177 (1) (308 SE2d 438) (1983).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 7, 1985.

*David E. Ralston*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.