A89A2260. MIDDLETON v. THE STATE.
(392 SE2d 293)

Pope, Judge.

Defendant Charles Middleton was convicted of child molestation and appeals.

1. This case was tried prior to the 1989 amendment to OCGA § 24-9-5 permitting all child victims to testify and have their credibility judged by the jury. At the time this case was tried, the statute left the issue of the child's competency to testify to the discretion of the trial judge. The victim was four years old at the time the incident occurred and five and one-half years old when she testified at trial. Defendant argues the trial court erred in ruling the victim was competent to testify.

"[T]he standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court." *Smith v. State*, 247 Ga. 511, 511-512 (277 SE2d 53) (1981). See also *Jones v. State*, 219 Ga. 245 (132 SE2d 648) (1963). In cases where the child witness indicated an understanding of the difference between telling the truth and lying and that it was right to tell the truth but wrong to tell a lie and that the child would tell the truth in court, but yet was unable to demonstrate an awareness of any consequences which might result from lying, this court has held the trial court erred in finding a child competent to testify. See *Arnold v. State*, 167 Ga. App. 720, 722 (307 SE2d 526) (1983); *Pace v. State*, 157 Ga. App. 442 (1) (278 SE2d 90) (1981). In this case, although the child did not indicate an understanding of the meaning of the word "oath," she did indicate not only an understanding of the difference between the truth and a "story," that it was wrong to tell a lie, that she would tell the truth in court, but also an understanding that she would be punished by her parents for telling a story. Thus, her responses were sufficient to permit the trial court, in its discretion, to declare her competent to testify. See *Adams v. State*, 166 Ga. App.

807 (1) (305 SE2d 651) (1983). "[Even if] on the cold record the testimony of the [child] does not inspire confidence, we are unable to see the child as did the trial court and we are unable to evaluate the child's demeanor or candor. We will not substitute our judgment for that of the trial court nor do we find a manifest abuse of discretion." *Herron v. State*, 155 Ga. App. 791, 792 (272 SE2d 756) (1980). See also *Lancaster v. State*, 250 Ga. 871 (2) (301 SE2d 882) (1983).

2. Although the defendant attempted to impeach the credibility of the child witness, her credibility was an issue for jury determination. The evidence was sufficient to permit the jury to find defendant guilty beyond a reasonable doubt.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1990.

*Raymond A. Majors, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, David C. Walker, Assistant District Attorneys*, for appellee.