## 34299. VAN PELT *v.* THE STATE.

DECIDED OCTOBER 23, 1952.

*James R. Venable,* for plaintiff in error.

*Roy Leathers, Solicitor-General,* contra.

GARDNER, P.J. ■ The defendant, hereinafter called plaintiff in error, in his brief to this court said, "Plaintiff in error does not desire to argue the general grounds of his motion for a new trial," and then proceeded to argue and deal with the one special ground thereof. In such circumstances, this court will treat the general grounds as having been abandoned.

Besides, an examination of the brief of the evidence adduced on the trial discloses sufficient evidence to support the verdict

of guilty. The evidence tended to show that the defendant had gotten on the bed with this child, who was under sixteen years of age, to wit, thirteen years old, lifted her dress and placed his private parts directly against the skin of the child's thighs, and that he had accomplished an orgasm. In such circumstances, the evidence amply supports the verdict that the defendant was guilty of violating the act of 1950 (Ga. L. 1950, pp. 387, 388) which provides that "Any person who shall take, or attempt to take any immoral, improper, or indecent liberties with any child of either sex, under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or both such person and such child, shall be imprisoned in a penitentiary, not less than one year nor more than five years."

■ In the special ground of his motion for a new trial, added by amendment, the plaintiff in error insists that the court erred in charging the jury as follows: "Therefore, the law presumes that every act which in itself is unlawful was criminally intended until the contrary is made to appear, but the question of intention rests finally with you . . ." The foregoing is an excerpt from the charge of the court as follows: "A crime or misdemeanor shall consist in a violation of a public law in the commission of which there shall be a union or joint operation of act and intention or criminal negligence manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused. Every person is presumed to intend the natural and necessary consequences of his act. Therefore, . ." Here follows the excerpt of which complaint is made.

The plaintiff in error insists that said charge was inapt, inapplicable and constituted an expression of opinion by the court that the plaintiff in error had committed an unlawful act, and, therefore, that said charge was harmful and prejudicial to him, and entitles him to a new trial.

This charge is not subject to the criticism made in this ground of the motion for a new trial. Considering it in connection with the charge which immediately preceded it, the jury was not misled or confused thereby. The court did not thereby express an opinion that the plaintiff in error was guilty of the offense charged or that he had committed an unlawful act. The use of the word "Therefore," in prefacing this statement in the charge, did not have the effect of being an expression of opinion by the court that "therefore, the defendant committed said unlawful act." The charge was correct, apt and applicable.

It follows that no error of law appearing, and the evidence supporting a verdict of guilty, it was not error to overrule the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*