## 27215. COOPER v. THE STATE.

NICHOLS, Justice. This is an appeal from a conviction of murder where a life sentence was imposed. The evidence disclosed that the accused, his wife and two other couples were at a tavern where beer and other alcoholic beverages were sold and a band was provided for dancing; that the accused had a pistol in his possession when he went to the restroom and an encounter took place with a named witness; that the accused shot said witness three times, once after he had fallen as a result of the first two shots; that the accused then shot an employee of the tavern, an innocent bystander, the deceased and another innocent bystander who managed to take the pistol from the accused who was then captured, but with the aid of a person unknown obtained a knife and escaped, ran out of the tavern and a short distance down the street where he hid under an automobile until apprehended by police. There was contradictory evidence introduced as to a bumping incident on the dance floor and threats made prior to the restroom encounter. *Held:*

1. Where upon a motion for mistrial by the defendant based upon the ground that sequestered witnesses, who had not testified, had been told by a third person, a spectator in the courtroom, what another witness had testified and a hearing was held outside the presence of the jury where the witnesses, as well as the third party, testified that there had been no such information given the sequestered witnesses, it was not error to overrule such motion for mistrial. See *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 812 (12 SE 18). The first three enumerations of error are without merit.

2. An enumeration of error complaining of the failure to grant a mistrial or sufficiently admonish the jury not to consider evidence (a photograph) which had been displayed in their presence but at such time not introduced into evidence presents nothing for decision where such evidence is later allowed. Enumeration of error 4 is without merit.

3. A photograph taken of the defendant after his arrest is not inadmissible in evidence where taken after a legal arrest and to show the shirt the defendant was wearing at the time of his arrest. Compare *Evans v. State,* 227 Ga. 571 (6) (181 SE2d 845). Enumeration of error 5 is without merit.

4. Where a pistol is identified and admitted in evidence without objection as the weapon used by the defendant on trial for murder by shooting, and the "slug" removed from the body of the victim is identified by markings thereon by the physician who removed such "slug" and by the forensic scientist who compared such "slug" with others test-fired from such pistol, the admission of such "slug" and other casings and slugs recovered from the scene of the crime and those used for comparison shows no reversible error. Enumerations of error 6 and 7 are without merit.

5. Where during the progress of a criminal case it is agreed that the jury may be dispersed overnight and the jury is properly instructed as to communications, discussion of the case, etc., it is not reversible error in the absence of a request for additional instructions not to repeat such instructions each time the jury is dispersed. In the present case the jury was properly instructed at length as to their responsibility and it was not error to overrule the defendant's motion for mistrial upon such ground as contended in enumeration of error 8.

6. Where, as in the present case, there is evidence the defendant had been drinking and there was evidence that at the time of his arrest he appeared intoxicated, it was not error to overrule a motion for mistrial which complained of the State's argument to the jury which made reference to voluntary intoxication not being an excuse for crime, and that liquor was the cause of the death of the victim. Enumerations of error 9, 10 and 11 show no error.

7. Where, during oral argument, an assistant district attorney makes statements deemed by the defendant to be

improper and upon a motion for mistrial being made the trial court immediately instructs the jury not to consider such argument, no harmful error appears in the overruling of the motion for mistrial unless it is manifest that an abuse of the trial court's discretion has occurred. See *Spell v. State,* 225 Ga. 705, 708 (171 SE2d 285), and citations. No abuse of discretion was shown in the present case and, therefore, enumeration of error 12 is without merit.

8. Under the evidence in this case it was not error to fail to charge upon involuntary manslaughter, accident or misfortune, or mistake of fact. Enumerations of error 13, 14 and 15 show no error.

9. Where a defendant is sworn and testifies on direct and cross examination and the trial court instructs the jury as to the law relevant to credibility, weight and competency of sworn testimony, it is not error for the trial court to fail to single out the defendant's own testimony for special instructions.

10. The evidence authorized the verdict and no error of law appearing, the verdict and sentence must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 9, 1972—DECIDED JUNE 15, 1972—REHEARING DENIED JUNE 28, 1972.

Murder. Fulton Superior Court. Before Judge Tanksley.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.

*Lewis R. Slaton, District Attorney, Jack Mallard, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.