## 62060. WHITE v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of robbery. In his closing argument to the jury, the assistant district attorney made a passing reference to the fact that all the jury had heard from the defendant was the statement he had given the police. The defense attorney objected and moved for a mistrial. The trial judge cautioned the assistant district attorney to refrain from such statements, instructed the jury to disregard the statement, and denied the motion for a mistrial. In this appeal, appellant contends that the assistant district attorney's remark was a violation of Code Ann. § 38-415 and that the trial court's curative instructions were not sufficient under Code Ann. § 81-1009.

"The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure." Code Ann. § 38-415. "Where counsel in the hearing of the jury makes statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." Code Ann. § 81-1009.

"Where, during oral argument, an assistant district attorney makes statements deemed by the defendant to be improper and upon a motion for mistrial being made the trial court immediately instructs the jury not to consider such argument, no harmful error appears in the overruling of the motion for mistrial unless it is manifest that an abuse of the trial court's discretion has occurred." *Cooper v. State,* 229 Ga. 277 (7) (191 SE2d 27). This court has held in *Vernon v. State,* 152 Ga. App. 616 (263 SE2d 503), that after the trial court has rebuked the offending counsel and instructed the jury appropriately, a "new trial will not be granted unless it is clear that his action failed to eliminate from the consideration of the jury such improper remark." There is nothing in the record to suggest that the trial judge failed to achieve the desired result or that there was an abuse of the trial court's discretion. Therefore, no ground for reversal appears.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 14, 1981.

*Stephen L. Jackson,* for appellant.

*C. Deen Strickland, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.