66226. WYATT v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of aggravated assault, armed robbery and theft by taking. On appeal he contends the trial court erred by ruling that a seven-year-old child was a competent witness, and by denying appellant's motion for a mistrial after a state witness put

appellant's character in issue.

Janice Wyatt, appellant's former wife, asked Marvin Morse to drive her to court and back to her sister's house, where Mrs. Wyatt was staying. When they returned appellant, who was hiding in the house and was armed with a knife and a gun, stabbed Morse in the back. Morse fell to the floor and appellant then ordered Morse to give appellant all of his money. A short time later appellant took Morse's car keys and fled in Morse's car.

1. Appellant contends it was error to allow Shafari Wyatt, appellant's seven-year-old son, to testify, as his competency as a witness was not established.

OCGA § 24-9-7 (Code Ann. § 38-1601) provides that the competency of a witness shall be decided by the court. In the instant case the trial judge examined the witness extensively to determine if he understood his obligation to tell the truth. Wyatt knew his school, his teacher's name, and testified he got all A's in school. He knew what the trial was about; knew what it meant to tell the truth; knew that he would be punished if he told a lie; believed in God; understood what it meant to raise his hand and swear to tell the truth; and understood that he was required to tell the truth in court. It is left to the discretion of the trial court to determine whether a child of tender years is competent as a witness, "and where the court examines a child as to its understanding of the nature of an oath and decides that it is competent to testify, this court will not interfere, where it does not appear that such discretion has been manifestly abused." *Allen v. State,* 150 Ga. App. 605, 607 (2) (258 SE2d 285) (1979); *Sullivan v. State,* 162 Ga. App. 297, 298-299 (1) (291 SE2d 127) (1982). We find no abuse of discretion in the instant case, and the enumeration of error is without merit.

2. Appellant's former wife testified that she assumed her husband wanted to go along with their divorce because he did not contest it. The prosecuting attorney then asked her if she found appellant had feelings to the contrary. In response, Mrs. Wyatt testified that appellant harassed her at her job to the point that she had to quit because appellant was threatening her supervisor and other persons who worked with Mrs. Wyatt, and had done things to her co-workers' cars. Appellant objected immediately and moved for a mistrial on the ground that such testimony improperly placed appellant's character in issue. The trial court sustained the objection, denied the motion for a mistrial, and instructed the jury to disregard the testimony and put it out of their mind. Appellant contends it was error to deny his motion for a mistrial because it denied him his right to a presumption of innocence and his right to a fair trial.

Evidence which tends to show that a defendant has committed

another crime independent of the offense for which he is on trial is, as a general rule, inadmissible. *Johnson v. State,* 242 Ga. 649, 652 (3) (250 SE2d 394) (1978). "However, the trial court's immediate instruction to the jury to disregard the somewhat unresponsive remark . . . was sufficient to correct any harm." *Marlowe v. State,* 162 Ga. App. 37, 38 (1) (290 SE2d 136) (1982). Accordingly, the trial court did not err by denying appellant's motion for a mistrial.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*William C. Puckett, Jr.,* for appellant.

*Robert E. Wilson, District Attorney, James W. Richter, James M. McDaniel, Assistant District Attorneys,* for appellee.