69732. SPRAYBERRY v. THE STATE.
(330 SE2d 731)

BEASLEY, Judge.

Appellant Sprayberry was indicted for and convicted of molesting his eight and nine-year-old stepdaughters. *Held:*

1. Sprayberry cites as two errors that the trial court did not conduct its own examination of the two young witnesses whose competency appellant challenged and further, that the evidence showed the witnesses were incompetent and should not have been permitted to testify.

First, at no time did appellant object to the procedure employed by the trial court in determining competency, and as a matter of fact, defendant's counsel participated in it, fully cross-examining each girl after she had been quizzed, under oath, by the state's attorney.

Thus as to the first enumeration, there is a significant variance between the objection raised by appellant during trial and the error enumerated on appeal. See *Jackson v. Meadows*, 157 Ga. App. 569 (278 SE2d 8) (1981). The only matter objected to below was the finding of competency, when the court indicated, following the examination, that it would allow their testimony. "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State*, 208 Ga. 435, 438 (67 SE2d 221) (1951).

Appellant's complaint is that the judge, rather than counsel, should have asked the questions and that, since he did not, a reversal of the convictions is required. The law provides (a) "The competency of a witness shall be decided by the court. The court shall by examination decide upon the capacity of one alleged to be incompetent from . . . infancy. (b) If an objection to competency is known, it shall be taken before the witness is examined at all. It may be proved by the witness himself or by other testimony. . . ." OCGA § 24-9-7.

In this case, the trial court held a separate proceeding outside the presence of the jury, at the beginning of the trial, to examine the ten and eleven-year-old victims, to determine their competency since it was challenged by defendant. The court allowed counsel to pose the questions to the children by direct and cross-examination. The matters brought out by counsel satisfied the court without further questioning by it. "The law clearly provides that the court's determination shall be made 'by examination.' " See *Cofield v. State*, 247 Ga. 98, 106 (274 SE2d 530) (1981). The plain language of the statute does not require that only the judge make direct inquiry of the potential witness. Counsel is oft permitted to examine a witness as to the issue of competency. See *Dennis v. State*, 158 Ga. App. 142 (279 SE2d 275) (1981); *Sanborn v. State*, 159 Ga. App. 608 (284 SE2d 110) (1981); *Haslem v. State*, 160 Ga. App. 251 (286 SE2d 748) (1981); *Smallwood v. State*, 165 Ga. App. 473 (301 SE2d 670) (1983); *Wyatt v. State*, 167 Ga. App. 703 (307 SE2d 516) (1983). The record discloses that throughout the proceeding, the court monitored and gave attention to the questions posed by counsel and the responses of the witnesses. The objective is for the court, not anyone else, to determine competency as a preliminary to the calling of a challenged witness. Here the court clearly assumed and discharged that function. The fact that the court allowed the attorneys representing both sides to actually pose the questions did not diminish the function or abdicate responsibility for making the decision based on evidence produced before it and its

observations.

Although the statute calls for a preliminary examination, as was done here, even the complete failure of the court to hold a preliminary proceeding has been held not reversible error, where an examination on the question of competency is in fact made by counsel in the presence of the court and the jury, and the court is satisfied from such examination that a prima facie case of competency is shown. Any procedural defect or error made by the trial court during an examination to determine competency must be "very flagrant" to authorize this court to reverse the trial court's judgment on this question. *Webb v. State*, 7 Ga. App. 35 (66 SE 27) (1909).

Appellant's claim of error, as being contrary to statute and constitutional due process, is without merit.

Sprayberry alleges that the court made no specific or express finding of competency.

However, following the examination of the elder child, the court clearly stated, "Very well, she's competent. . . ." In regard to the younger girl, the court made quite plain the purpose of the proceeding and the nature of its ruling. In considering an objection made by counsel during the proceeding, the court said, "The question now is is she competent to testify."

Inconsistency in a child's testimony does not render her incompetent to testify. See *Pendergrass v. State*, 168 Ga. App. 190 (308 SE2d 585) (1983); *Thomas v. State*, 168 Ga. App. 587 (309 SE2d 881) (1983), nor is it necessary for a child to understand the meaning of the word "oath." *Pace v. State*, 157 Ga. App. 442 (278 SE2d 90) (1981). The record shows that both children understood their obligation to tell the truth on this occasion.

The trial court's finding of competency of the children was within the sound discretion of the court, and we will not disturb the court's ruling unless there was a manifest abuse of discretion, which there was not here. *Adams v. State*, 166 Ga. App. 807 (305 SE2d 651) (1983); *Pope v. State*, 167 Ga. App. 328 (306 SE2d 326) (1983); *Hill v. State*, 251 Ga. 430 (306 SE2d 653) (1983).

2. Appellant maintains that the evidence was insufficient to support the verdict.

After having reviewed the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the elements of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Boyd v. State*, 244 Ga. 130 (259 SE2d 71) (1979).

3. Sprayberry's fourth enumeration of error asserts that the state failed to prove venue of the crime beyond a reasonable doubt and that the trial court erred in failing to grant a directed verdict of acquittal.

Each of the victims testified that the acts of molestation occurred while they were living with their mother and the appellant in a duplex in Jonesboro. They also testified as to what school they attended during this time. On cross-examination, appellant himself corroborated the location of both the duplex and the children's school as being in Clayton County. The record contains no conflicting evidence as to the question of venue, which was therefore established.

4. We next consider the propriety of denial of appellant's motion for a directed verdict of acquittal.

"A person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4.

The state introduced testimony from the victims that appellant had on several occasions directed each of the young girls to completely disrobe and join him in the bedroom, where he, once nude, forced the victims to sit astride him. The elder stepdaughter testified that, after one such episode, she experienced vaginal bleeding. See *Van Pelt v. State*, 87 Ga. App. 103 (73 SE2d 115) (1952).

A defendant is entitled to a directed verdict only where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom demands a verdict of not guilty. *Benjein v. State*, 158 Ga. App. 794, 795 (282 SE2d 391) (1981); *Howard v. State*, 165 Ga. App. 555 (301 SE2d 910) (1983); OCGA § 17-9-1. If there is any evidence of guilt such that an acquittal is not demanded as a matter of law, it is for the jury to decide the case. *Pope v. State*, 167 Ga. App. 328, 330 (306 SE2d 326) (1983), and where the state's evidence, as here, authorizes a conviction, it cannot be found to demand a verdict of acquittal. *Milner v. State*, 159 Ga. App. 887, 888 (285 SE2d 602) (1981).

Inasmuch as a review of the evidence adduced at trial reveals there was ample evidence sufficient to enable any rational trier of facts to find the existence of the offenses charged beyond a reasonable doubt, it was not error for the trial court to refuse to grant the motion for a directed verdict of acquittal. *Maddox v. State*, 170 Ga. App. 498, 499 (317 SE2d 617) (1984).

5. Appellant's final enumeration of error contends that the trial court erred in failing to grant a mistrial based on an improper comment by the prosecutor in closing argument.

The disputed statement reads as follows: "But I submit to you that Gerald Sprayberry manifested his lustful intent and his lustful disposition years ago; when being a Virgo, he had to have himself photographed."

Immediately after the statement was made, appellant's counsel objected, asked that it be stricken, and moved for a mistrial. The

court sustained the objection, struck any testimony regarding the contents of the photographs, and asked the jury, "Is there any juror who believes they cannot remove it from their mind? If so, please raise your hand."

There was no response from any of the jurors, and the court went on to say, "Very well. Let it play no part in your deliberation. . . ."

All but one of the referred-to photographs depicted Sprayberry in the nude, some showing him in a state of sexual arousal. During recross-examination of appellant, the court permitted the state to question Sprayberry about the pictures to the extent of laying foundation for subsequent tender into evidence, but the court limited the state from going into content. Ultimately, the court sustained the defense's objection to entry of the photos into evidence.

The objected-to statement in the state's closing argument brought to the jury no more facts than were already in evidence from appellant's own testimony.

Sprayberry testified that the photos were of himself, that they had been taken by either him or his second ex-wife, that they were accurate depictions, and that, "I'm a Virgo and according to jokes that I have read and other people pointed out to me, supposedly I can go to sleep making love, which is possible because I have done it. . . . But, I just happen to have the equipment that women desire. And, they like to see a picture of me. . . ."

It is the introduction of facts before the jury which are not in evidence that require the application of remedies such as mistrial or rebuke. *Thompson v. State*, 150 Ga. App. 567, 568 (258 SE2d 180) (1979); *Turner v. State*, 152 Ga. App. 354, 356 (262 SE2d 618) (1979); OCGA § 17-8-75.

Even if an application of remedies was required, where, during oral argument, an assistant district attorney makes statements deemed by the defendant to be improper and upon a motion for mistrial the court immediately instructs the jury not to consider such argument, no harmful error appears in the overruling of the motion unless it is manifest that an abuse of the court's discretion has occurred. *White v. State*, 159 Ga. App. 545, 546 (284 SE2d 76) (1981). No such abuse of the trial court's discretion occurred here.

This enumeration is without error.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 2, 1985 —<br>REHEARING DENIED APRIL 16, 1985 —

*Lee Sexton*, for appellant.
*Robert E. Keller, District Attorney, Keith C. Martin, Clifford A.*

*Sticher, Assistant District Attorneys*, for appellee.