## 77850. HERRERAS v. THE STATE.
### (379 SE2d 12)

SOGNIER, Judge.

Dimas Nicholas Herreras was convicted on charges of rape, aggravated sodomy, kidnapping, armed robbery, burglary, theft by taking of a motor vehicle, and possession of a knife during the commission of a felony. He appeals.

Appellant contends in his sole enumeration that the trial court erred by denying his motion and objection to the presence of the sheriff at the prosecution's table during jury selection. The record reveals that the prosecuting attorney requested the court to allow the sheriff to remain at the table for the purpose of assisting with the selection of jurors, and stressed to the court that the sheriff's presence was requested only during jury selection and that he would not remain at counsel table during trial.

Appellant's enumeration is controlled adversely to him by *Childs v. State*, 257 Ga. 243 (357 SE2d 48) (1987), in which the court approved the sheriff's presence at the prosecution table despite the invocation of the rule, and noted; " '[i]t has been repeatedly held that it is within the discretion of the trial judge to permit a witness to remain in the courtroom to assist either the State or the accused.' [Cit.] Generally, this discretion should be exercised only if the party requesting the exception can demonstrate a need for the presence of the witness. [Cits.] However, the sheriff is an officer of the court, and may be excepted from the rule on the court's own initiative. [Cits.] Thus, we need not evaluate the state's asserted need for the assistance of the sheriff, as a demonstration of such was unnecessary to the court's exercise of discretion." Id. at 251 (11).

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 17, 1989.

*M. C. Pritchard*, for appellant.

*Harry D. Dixon, Jr., District Attorney, Margaret M. Edwards, Assistant District Attorney*, for appellee.