A91A2221. CHERGI v. THE STATE.
(415 SE2d 317)

BIRDSONG, Presiding Judge.
Paul Eugene Chergi appeals his conviction of possession of a firearm by a convicted felon, theft by receiving stolen property, financial transaction card theft, and violation of the GCSA — possession of cocaine. The sole error asserted is that the trial court erred by allowing a uniformed police officer to remain at the State's counsel's table throughout the trial. *Held*:

While acknowledging contrary precedent (e.g., *Nunnally v. State*, 235 Ga. 693 (221 SE2d 547); *Herreras v. State*, 190 Ga. App. 359 (379 SE2d 12)), Chergi nevertheless argues that uniformed police officers should not be allowed to sit at counsel table during presentation of the case. Chergi, without reference to the transcript, asserts that at the inception of the trial he objected to the policeman remaining in the courtroom during trial. Although not required to do so (*Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (389 SE2d 251)), we have reviewed the likely places in the transcript that such an objection would have been recorded and have found no such objection by Chergi's counsel. Instead, the transcript shows that after the prosecutor moved to allow the police officer to sit at counsel table during the presentation of the case, Chergi's counsel stated, "I don't object to the request by the D. A.'s office, though." As our review of the transcript did not show that this express waiver was withdrawn, this waiver of the issue leaves us nothing to review. Further, we cannot consider this argument which is being presented for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698); *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 5, 1992.

John D. J. Bloodworth, for appellant.

Thomas C. Lawler III, District Attorney, David K. Keeton, Debra K. Turner, Assistant District Attorneys, for appellee.