A97A0758. VAUGHN v. THE STATE.
A97A0759. VAUGHN v. THE STATE.
(486 SE2d 607)

RUFFIN, Judge.

A jury found Charles Vaughn and Barbara Vaughn each guilty of one count of battery and two counts of simple battery in violation of OCGA §§ 16-5-23 and 16-5-23.1. In identical enumerations of error, the Vaughns assert the trial court erred in denying their motions for new trial on various grounds. In the interest of judicial economy the two appeals are consolidated for review. For reasons which follow, we affirm.

Construed most favorably to support the verdict, the record shows that the victim, Patricia Youngblood, is a 31-year-old female. The Vaughns owned a professional care solution home and contracted with Youngblood's parents and Gwinnett Mental Health to provide home care for Youngblood. According to Youngblood, on March 1, 1996, Barbara Vaughn accused her of going into the kitchen without permission and drinking Vaughn's soda. Youngblood was sitting in her room when Barbara Vaughn entered and began hitting her with a hard cardboard tube on the legs, arm and in the eye. When Youngblood went back downstairs, Charles Vaughn hit her with a cane in the back. The blows were sufficient to cause severe bruising.

On March 4, 1996, Barbara Vaughn called Youngblood's employers at Creative Enterprises to tell them that Youngblood was suffering from allergies. She also informed them that in reaction to the allergies, Youngblood rubbed her eyes real hard, causing the bruising. Dr. Gerald Gowitt, a forensic pathologist, testified that the injury was inconsistent with rubbing, but was consistent with blunt force.

1. In their first enumeration of error, the Vaughns assert that the trial court erred by allowing Youngblood to testify regarding whether she was incompetent due to mental illness. According to the Vaughns, the trial court should have examined Youngblood instead of relying on questions presented to Youngblood by the attorneys. However, this issue has been decided adversely to the Vaughns in *Sprayberry v. State*, 174 Ga. App. 574 (1) (330 SE2d 731) (1985).

Pursuant to OCGA § 24-9-7 (a), the trial court has broad discretion to determine the competency of a witness as a preliminary matter to the admissibility of the testimony of that witness, and the trial court's determination will not be disturbed on appeal absent an abuse of that discretion. *Howard v. State*, 212 Ga. App. 298, 300 (3) (441 SE2d 759) (1994).

In *Sprayberry*, we held that "[t]he plain language of [OCGA § 24-9-7] does not require that only the judge make direct inquiry of the potential witness. Counsel is oft permitted to examine a witness as to the issue of competency. . . . The fact that the court allowed the attorneys representing both sides to actually pose the questions did not diminish the function or abdicate responsibility for making the decision [on competency] based on evidence produced before it and its observations." *Sprayberry*, supra at 575-576. We further held that "even the complete failure of the court to hold a preliminary proceeding has been held not reversible error, where an examination on the question of competency is in fact made by counsel in the presence of the court and the jury, and the court is satisfied from such examination that a prima facie case of competency is shown." Id. at 576 (1).

In response to questioning by the State and defense counsel, Youngblood demonstrated her understanding of the difference between truth and falsehood. Youngblood's responses to the questions posed clearly demonstrated that she understood both the difference between truth and falsehood and the importance of telling the truth, thereby complying with the requirements of OCGA § 24-9-7.

While the Vaughns argue that Youngblood was incompetent to testify because her testimony "was wrought with inconsistencies and false statements[,]" "[a]ny apparently inconsistent testimony presented by [Youngblood] does not render [her] incompetent to testify as a matter of law, but is a matter for consideration by the trial court in making its determination of competency and by the jury in determining the credibility of [Youngblood]. [Cits.]" *Thomas v. State*, 168 Ga. App. 587, 588-589 (3) (309 SE2d 881) (1983). Accordingly, the trial court did not abuse its discretion in this instance.

2. In their second enumeration of error, the Vaughns assert the trial court erred by allowing Pamela Bagley, a friend of Youngblood, to sit beside her while she testified. The Vaughns contend, without reference to the transcript, that they objected to the trial court

allowing Bagley to sit with Youngblood. "Although not required to do so ([cit.]), we have reviewed the likely places in the transcript that such an objection would have been recorded and have found no such objection by [the Vaughns'] counsel." *Chergi v. State*, 202 Ga. App. 700 (415 SE2d 317) (1992). Instead, the transcript shows an express waiver of this issue by the Vaughns' attorney.

In their motion to admit similar transactions, the Vaughns called Youngblood to the stand. The following colloquy took place with the court by the prosecutor and defense counsel. Prosecutor: "Your Honor, this is also Pamela Bagley, a friend of Ms. Youngblood. And she works with her and stays at home with her. She's asking to be allowed in the courtroom while Patricia testifies." The Court: "Any objection, Mr. Estes?" Estes: "Is she going to testify?" Prosecutor: "No." Estes: "Then she can stay." The Court: "I don't need your response because she's not going to be a witness. So I'll let her stay in the courtroom." Estes: "Okay." The trial judge allowed Bagley to sit next to Youngblood, but stated, "I won't let them talk, but I will let her sit there." The Vaughns' counsel did not object. The Vaughns' counsel also did not object to Bagley's presence during the State's case-in-chief.

"As our review of the transcript did not show that this express waiver was withdrawn, this waiver of the issue leaves us nothing to review. Further, we cannot consider this argument which is being presented for the first time on appeal. [Cits.]" *Chergi v. State*, supra at 700.

3. The Vaughns further contend that the trial court erred by denying their motion to admit prior violent acts committed by Youngblood against third persons. It is well established that evidence of violent acts by the victim against third persons is admissible when the defendant claims justification as a defense and provides advance notice of his intent to introduce such evidence. *Chandler v. State*, 261 Ga. 402, 407 (3) (b), (c) (405 SE2d 669) (1991). The record in the present case reveals that the Vaughns did *not* assert a defense of justification or self-defense. Hence, the trial court did not err in denying the Vaughns' motion.

4. In their fourth enumeration of error, the Vaughns assert that the evidence was insufficient to support the verdict. We disagree. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and [the Vaughns] no longer [enjoy] a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citations and punctuation omitted.) *Ogletree v. State*, 211 Ga. App. 845, 846-847 (1) (440 SE2d 732) (1994); see also *Causey v. State*, 215 Ga. App. 723, 724 (1) (452 SE2d 564) (1994). The evidence introduced at trial was sufficient to allow a rational trier of

fact to find the Vaughns guilty beyond a reasonable doubt of battery and simple battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ogletree*, supra.

5. The trial court did not err in failing to give a charge on the competency of the witness. The record reveals that the Vaughns' trial counsel failed to file a request to charge on this issue and that, when asked by the court following the charge, he stated that he had no exceptions to the jury charge. In the absence of a written request, no error was committed. *Maynard v. State*, 171 Ga. App. 605, 606 (2) (320 SE2d 806) (1984). Moreover, because the Vaughns' attorney stated that he had no exceptions when the court made inquiry, the Vaughns waived their right to raise the issue on appeal. Id.

6. In their final enumeration of error, the Vaughns assert they were denied effective assistance of counsel. Specifically, the Vaughns claim that trial counsel failed to call certain witnesses to testify, failed to introduce Youngblood's mental health records and other evidence, failed to object to the introduction of pictures showing Youngblood's injuries, failed to question Youngblood's competency, and failed to make proper objections to the State's presentation of its case. Most of these allegations are not supported by specific reference to the trial transcript or the motion for new trial transcript, in violation of Court of Appeals Rule 27 (c) (3) (i). Moreover, the record does not contain a transcript of the Vaughns' motion for new trial, where the trial court determined that trial counsel was effective.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). In addition, the trial court's determination that a defendant has not been denied effective assistance of trial counsel will be affirmed on appeal unless that determination is clearly erroneous. *Jones v. State*, 217 Ga. App. 722, 723 (2) (458 SE2d 894) (1995).

The Vaughns' assertions of ineffective assistance all deal with trial strategy decisions made by their trial counsel. It is well established that matters of trial strategy and tactical errors do not constitute ineffective assistance of counsel. *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994). "The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel. [Cit.]" *Stewart v. State*, 263 Ga. 843, 847

(6) (440 SE2d 452) (1994). "Judicial review of counsel's performance should be highly deferential with substantial latitude given trial counsel in deciding trial strategy." *Lakes v. State*, 266 Ga. 389 (2) (467 SE2d 566) (1996). "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." (Citation and punctuation omitted.) *Taylor v. State*, 203 Ga. App. 210, 211 (3) (416 SE2d 554) (1992).

Moreover, while the Vaughns raised their claim of ineffectiveness in detail in their motion for new trial, and the trial court's order recites that the court heard arguments of counsel before ruling on the Vaughns' motion, we are unable to address this enumeration because no transcript of the hearing on the motion for new trial is included in the record. "Absent a transcript, we must assume the ruling of the trial court is supported by the evidence." (Citation and punctuation omitted.) *Walker v. State*, 215 Ga. App. 790, 792 (3) (452 SE2d 580) (1994); *Jackson v. State*, 205 Ga. App. 827, 829 (3) (424 SE2d 6) (1992).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED APRIL 3, 1997 —
RECONSIDERATION DENIED MAY 1, 1997 — 

 Before Judge Fuller.
*Patrick D. Deering, Evin L. Somerstein*, for appellants.
*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Assistant Solicitor*, for appellee.