## A01A0740. McCLAIN v. THE STATE.

(545 SE2d 926)

BARNES, Judge.

Johnny Isaiah McClain appeals from his conviction of aggravated assault, contending insufficient evidence supports his conviction and that the trial court erred in allowing an incompetent witness to testify. For reasons that follow, we affirm.

1. We must review McClain's "challenge to the sufficiency of the evidence under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)], construing the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict." *Sims v. State*, 226 Ga. App. 116 (1) (486 SE2d 365) (1997). Viewed in this light, the record shows that McClain, along with Lashon Holloway and Ramato Kent, were indicted for the aggravated assault of a fellow inmate, Matthew Shawn Morgan. The victim, who was hospitalized for almost three months after the assault, testified that he did not know who assaulted him and that he had no memory of the assault. Another inmate testified that he saw the defendant, along with the other two men, stomping and kicking the victim. At trial, Holloway and Kent denied that the defendant participated in the assault with them. Both of these men were impeached by a tape-recorded statement in which they admitted the defendant's participation.

We find this evidence sufficient to support McClain's aggravated assault conviction under the standard set forth in *Jackson v. Virginia*, supra.

2. The trial court did not err by allowing the victim to testify despite the defendant's competency objection. The defendant's objection was based on the fact that a probate judge appointed a guardian for the victim's person and property after his injuries. The trial court questioned the victim outside the presence of the jury and determined that he was competent to testify.

> Pursuant to OCGA § 24-9-7 (a), the trial court has broad discretion to determine the competency of a witness as a preliminary matter to the admissibility of the testimony of that witness, and the trial court's determination will not be disturbed on appeal absent an abuse of that discretion. [Cit.]

*Vaughn v. State*, 226 Ga. App. 318, 319 (1) (486 SE2d 607) (1997).

Appellant argues that once he "proved" the victim's incompetency through certified copies of the probate court documents, the trial court could not rely upon the victim's testimony "to explain it away." OCGA § 24-9-7 provides:

> (a) The competency of a witness shall be decided by the

court. The court shall by examination decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, insanity, drunkenness, or infancy. (b) If an objection to competency is known, it shall be taken before the witness is examined at all. It may be proved by the witness himself or by other testimony. If proved by other testimony, the witness shall be incompetent to explain it away. (c) Any fact which in the judgment of the court removes the ground of incompetency shall restore the competency of the witness.

We disagree with appellant's reading of this Code section. The appellant did not use "other testimony" to prove the victim incompetent. Instead, the appellant relied upon certified copies of probate court documents that were over a year old by the time of the criminal trial. The trial court did not abuse its discretion when it allowed the victim to testify. See *Redfield v. State*, 240 Ga. 460, 462 (3) (241 SE2d 217) (1978); *Saxe v. State*, 112 Ga. App. 804, 805 (1) (146 SE2d 376) (1965). The record shows that the victim appropriately answered the trial court's questions about his name, age, education, location, occupation, family members, and the ages of his siblings.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 28, 2001.

*Layne & Layne, Alan P. Layne*, for appellant.
*Richard A. Malone, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.